IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA         *

       vs.                       *    CRIMINAL NO. MJG-96-0354

DERRICK JACKSON                  *

*   *   *   *   *   *   *   *   *

<u>MEMORANDUM AND ORDER</u>

The Court has before it the Motion to Hold Petitioner's Motion to Vacate Sentence in Abeyance [ECF No. 80] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

In July 1998, Defendant Jackson was found to be a career offender and sentenced to 360 total months of imprisonment. His conviction and sentence were affirmed on appeal. <u>United States v. Jackson</u>, 181 F. 3d 93 (4th Cir. 1999) (unpublished disposition). He has, as of the date of this writing, served about twenty years of a thirty-year sentence.

On June 20, 2016, Defendant Jackson filed his Motion to Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 74], contending that his sentence was excessive because of the improper finding that he was a career offender based upon the Supreme Court decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). The current state of precedent in the Fourth Circuit is

unfavorable for Defendant Jackson's position. However, he cites other cases now pending in which an ultimate Supreme Court decision could result in a reversal of Fourth Circuit precedent.

Recognizing that a current decision on his motion would have to result in its denial based upon current Fourth Circuit precedent, he requests abeyance of the decision pending Supreme Court action on the issue. He asserts that he would be procedurally disadvantaged by a current denial of his motion and possibly would lose the ability to obtain a correct sentence in case of a future favorable Supreme Court decision.[1]

The Government presents no reason to find that it would sustain any prejudice in the case from a deferral of the decision but states – correctly – that the Supreme Court has not yet accepted certiorari in any pertinent case and there is nothing to indicate when, if ever, it will address the pertinent issues. Hence, the Government asserts, it is not in the public interest to have this case (and similar cases) simply dormant on the Court's docket.

This Court has granted a similar motion in United States v. Wright, MJG-97-0219 [ECF No. 105]. The Court is informed that

---

1   It may be debatable whether Defendant Jackson would actually lose his ability to take advantage of a future Supreme Court decision. But, it certainly appears that there is a risk that he would.

the prosecutors in the Virginia districts and the Western District of North Carolina have agreed to such Orders with defendants in those districts.

It is true that there is no present basis to predict the date of pertinent Supreme Court action (or even that there will be one), and the Court recognizes that the duration of abeyance may be lengthy. However, the absence of any genuine Government prejudice from granting the motion and the possibility of severe prejudice to Defendant Jackson of denying the motion, tips the balance in favor of the defense.

For the foregoing reasons:

1. The Motion to Hold Petitioner's Motion to Vacate Sentence in Abeyance [ECF No. 80] is GRANTED.

2. The Court shall defer deciding the instant motion pending pertinent Supreme Court action or further Order.

3. The parties shall notify the Court of any pertinent developments promptly upon their occurrence.

4. The parties shall, in any event, provide a status report by December 31, 2018.

SO ORDERED, this Friday, April 13, 2018.

/s/
Marvin J. Garbis
United States District Judge